May Term, 1853.

The State on the relation of Hunt *v.* Lane and Another.

The State v. Lane.

In a suit upon a bond of a justice of the peace, for the breach of any condition other than for the payment of money, the breaches were required by the R. S. 1843, to be assigned in the declaration.

ERROR to the *Dearborn* Circuit Court.

Monday, May 30.

Davison, J.—Debt on the official bond of a justice of the peace. The declaration is on the penal part of the bond, without setting forth the condition. The defendants craved and obtained oyer of the bond and condition. The condition of the bond is, "Now, if the said *Arthur St. Clair* shall well and truly discharge the duties of said justice of the peace, and promptly and faithfully pay over all moneys collected and paid to him, to all persons legally authorized to receive the same, and at the expiration of his term of office, deliver to his successor all his books and papers belonging to said office, then this obligation to be void," &c.

Plea, that the said *Arthur St. Clair* did, in all things, well and truly discharge the duties of justice of the peace, and promptly and faithfully pay over to the relator, *Jesse Hunt,* all moneys collected by him, or received as such justice, to which the said *Hunt* was entitled, or which he had a right to receive; and that his books and papers were duly delivered over to his successor, &c.

Replication, assigning two breaches of the condition. They are, in substance, as follows: That *Hunt,* the relator, recovered a judgment before said justice against one *Miles,* for 83 dollars and 29 cents, with costs; that *Miles* fully paid the judgment and interest thereon to the justice; and that afterwards the justice, without the knowledge or consent of *Hunt,* wrongfully, &c., paid the same over to one *Wrexham West,* and wrongfully, &c., suffered and permitted him to enter on the record of said judgment, satisfaction thereof, which satisfaction so entered is as follows: "Received, *June* 9, 1840, debt and interest. *Wrexham West;*" by means whereof the said *Hunt* has lost the benefit of his said judgment, &c.

Demurrer to the replication sustained.

This demurrer was well taken. The breaches of the condition of the bond should have been assigned in the declaration. In reference to the mode of assigning breaches, there is a statutory provision. Section 143, c. 40, R. S. 1843, enacts that "when any action shall be prosecuted in any court of law upon any bond for the breach of any condition other than for the payment of money, or shall be prosecuted for any penal sum for the non-performance of any covenant or written contract or agreement, the plaintiff in his declaration shall assign the specific breaches for which the action is brought."

The terms used in the section just recited, are plain and unambiguous, and there is really no room left for construction. It requires that in actions upon any bond for the breach of any condition " other than for the payment of money," the plaintiff, in his declaration, shall assign, &c.

The condition for the breach of which this suit was instituted, was not " for the payment of money," and is, therefore, within the letter of the statute. Here, the breaches were assigned in the replication. This is not in accordance with the statute. We think the demurrer was correctly sustained.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Macy* and *J. Ryman*, for the state.